UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA BILLINGSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1003 HEA |
| | ) | |
| U.S. BANK TRUST NA, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and for preservice review of plaintiff's pro se complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Upon reviewing the financial information provided with the motion the Court finds that the motion to proceed in forma pauperis should be granted. After reviewing the complaint and its attachments, however, it appears that the complaint should be dismissed prior to service of process. As a result, the Court will order plaintiff to show cause why this case should not be dismissed.

## 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action to recover real property that plaintiff alleges defendant seized without providing the proper process. Plaintiff has attached to the complaint a memorandum in support of a motion for relief from judgment that she filed in the Circuit Court for St. Louis County. It appears from the attached memorandum that plaintiff has already litigated this matter in state court and that she may be seeking appellate review of the state court's judgment in U.S. Bank's favor.

This Court does not have subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those

decisions may be had only in [the United States Supreme Court]." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). As a consequence, plaintiff shall show cause, in writing and no later than 20 days from the date of this Order, why this case should not be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Alternatively, plaintiff may be seeking to institute a new action against defendant. Again, it appears that the issues in the instant complaint have already been litigated in state court and that a judgment has been entered in defendant's favor. If this is the case, then plaintiff is precluded from bringing this action by the principle of res judicata. *E.g.*, *Banks v. Int'l Union Elec., Elec., Technical, Salaried and Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004). As a result, plaintiff shall show cause why this case should not be dismissed on the ground of res judicata.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall show cause, in writing and **no later than 20 days from the date of this Order**, why this case should not be dismissed for the reasons stated above.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order,

this case shall be dismissed.

Dated this 30th Day of May, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE